UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

YOLANDA KAY HOWARD,        )
    Plaintiff,              )
                             )
v.                         )       Case No. 1:12-cv-147
                             )       (Mattice/Carter)
MICHAEL J. ASTRUE          )
Commissioner of Social Security  )
    Defendant               )

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation regarding the disposition of the plaintiff's Motion for Judgment on the Pleadings (Doc. 14), defendant's Motion for Summary Judgment (Doc. 16) and Plaintiff's Response (Reply) to Defendant's Motion (Doc 20).

This action was instituted pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying the plaintiff a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(I) and 423.

For the reasons stated herein, I RECOMMEND the decision be **REMANDED** to the Commissioner for further administrative consideration pursuant to Sentence Six of 42 U.S.C. § 405(g)

### Plaintiff's Age, Education, and Past Work Experience

The Plaintiff was forty-seven years old at the time of the ALJ's decision (Tr. 174). She has a high school education and medical assistant training (Tr. 42-43). She has past relevant work as a medical assistant (Tr. 43).

Claim for Benefits

Plaintiff protectively filed an application for a period of disability and disability insurance benefits on October 12, 2009 (Tr. 172-80). That application was denied initially and on reconsideration (Tr. 83-86, 92-94). Plaintiff requested a hearing and, on March 1, 2011, a hearing was held before an ALJ who issued a decision on March 3, 2011 in which he found Plaintiff not disabled (Tr. 23-32). On April 9, 2012, the Appeals Council denied Plaintiff's request for review (Tr. 1-6). However, the Appeals Council specifically indicated that it had received and considered the additional medical opinions submitted by Plaintiff's counsel on March 9, 2011, and July 27, 2011, and had made said evidence a part of the record (Tr. 1, 5). In any case, once the Appeals Council affirmed the decision of the ALJ said decision became the final decision of the Commissioner of Social Security. Because Plaintiff has exhausted her administrative remedies, this Court has jurisdiction to review the Appeals Council's decision under 42 U.S.C. section 405(g).

Standard of Review - Findings of the ALJ

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a

2

severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. § 404.1520; *Skinner v. Secretary of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a prima facie case she cannot return to her former occupation, the burden shifts to the Commissioner to show there is work in the national economy which the claimant can perform considering her age, education and work experience. *Richardson v. Secretary v. Secretary of Health & Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review to be applied by this Court is whether the findings of the Commissioner are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); *Landsaw v. Secretary of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side of the issue, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for the Commissioner's merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v.*

3

*Secretary of Health & Human Servs.*, 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2003.

2. The claimant has not engaged in substantial gainful activity since September 27, 2009, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: degenerative disc disease of the cervical, thoracic and lumbar spine, fibromyalgia, arthritis of the left knee and adjustment disorder with mixed anxiety and depressed mood (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to unskilled work that involves no more than occasional climbing ladders, ropes, scaffolds, ramps and stairs; balancing; stooping; kneeling; crouching or crawling.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on **** **, 1963 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR part 404, Subpart P, Appendix 2).

10. Considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 27, 2009, through the date of this decision (20 C.F.R. 404.1520(g)).

4

(Tr. 27-36).

## Issues Raised

Plaintiff argues the Commissioner erred in limiting Plaintiff to light work despite four medical opinions to the contrary – those of consultative examiner Dr. Papillion, treating physician Dr. Daubner, licensed clinical social worker, Freda Cook and nurse practitioner Joan Keel. However, Plaintiff concedes the only disabling opinions available to the ALJ at the hearing were those of Dr. Papillion and Ms. Cook. The additional disabling opinions of Dr. Daubner and Ms. Keel were submitted subsequent to the hearing.

In her conclusion Plaintiff argues the decision is not supported by substantial evidence, that benefits should be awarded. However, she also argues in the alternative that if the case is not reversed, remand should be granted to consider all of the four disabling opinions of consultative examiner, treating physician, social worker and nurse practitioner.

## Relevant Facts

In reviewing the record, the ALJ found Plaintiff suffers from the following conditions: severe neck and back injuries sustained in two separate automobile accidents, small disc protrusion at level C6-7, moderate foraminal stenosis at level C3-4, mild spondylosis at levels C3-6, tiny disc herniation at level T7-8, moderate degenerative facet disease at L5-S1, broad based bulges in the lumbar spine at levels L4-S1, S1-2 facet arthropathy, fibromyalgia, separate arthroscopic surgeries, and a partial left knee replacement upon a diagnosis of patellofemoral arthritis. (Tr. 28-29).

Records of May 14, 2012 from Healthworks indicate Plaintiff suffers from lower and upper extremity radiculitis, thoracic spondylosis/osteoarthritis, degenerative disc disease, right T5/6 osteophyte, S1 lumbarization, spinal stenosis of the right L5 foramen and left L5 foramen, lateral recess stenosis at S1-2, with associated low back pain and left buttock pain, high blood pressure, chronic gastritis and diarrhea, and chronic insomnia (Tr. 424).

5

An August 15, 2008 MRI showed Mild C3-C4, C4-C5 and C5-C6 spondylitic changes. No other significant changes were identified. Moderate left C3-C4 neural foraminal stenosis secondary to uncovertebral disc/osteophyte complex was noted. No other neural foraminal stenosis was noted, no significant spinal canal stenosis was noted. Tiny right paracentral C6-C7 disc herniation without significant associated neural compression was noted. No other disc herniations were identified. Cord was normal in appearance with no abnormal cord signal identified. Carabellar tonsils were normal in position. No compression fractures or destructive bony lesion were identified. The impression was: 1. Tiny right paracentral C6-C7 disc herniation without significant associated neural compression. No other disc herniations were identified, 2. Moderate left C3-C4 neural foraminal stenosis secondary to uncovertebral disc/osteophyte complex, no spinal canal stenosis or other neural foraminal stenosis were identified, and 3. Mild C3-C4, C4-C5 and C5-C6 spondylitic change (Tr. 543).

As treatment for her conditions, Plaintiff has received lumbar facet injections, physical therapy, chiropractic treatment, and medications, including Amitiza (a/k/a "Lubiprostone"), Bacolfen, Ambien, and Mobic (Tr. 440,441,497 and 505).

The ALJ referred Plaintiff to a consultative examiner, Paul Papillion, M.D., who opined Plaintiff had the capacity to lift and/or carry up to 10 pounds only occasionally and tolerate intermittent sitting, standing and walking one or two hours in a normal eight-hour workday." (Tr. 29, 30), referencing his report (Tr. 371-375). The ALJ considered this opinion to be inconsistent with the totality of the evidence noting that "while it appears Dr. Papillion performed a thorough physical exam, it also appears he based much of his opinion on his interactions with the claimant and failed to review the empirical data contained in the MRI

6

imaging" (Tr. 30). In his opinion the ALJ reviewed in detail the physical problems and treatment history which began with severe neck and back injuries in two separate automobile accidents. I will not repeat the ALJ's review in its entirety (See Tr. 28) but it does show a consistent treatment history and attempts to obtain relief from Plaintiff's physical problems.

Plaintiff also alleged mental impairments. The Commissioner indicated that "the evidence reflects the claimant has been treated for symptoms of depression and anxiety" and noted the following:

> On July 19, 2010, [Freda Cook, L.C.S.W.] submitted a Medical Source Statement in which she opined the claimant's mental impairments likely would interfere with her ability to attend a normal eight-hour day, forty-hour week work schedule. Ms. Cook further stated the claimant's impairments and her medication could cause lapses in concentration and memory to an extent she could not attend to tasks or be reliable following work instructions.

(Tr. 29, referencing Tr. 573-575).

The ALJ rejected allegations of disabling mental impairments. He pointed to the opinions found in the psychological consultative examination conducted on December 9, 2009 by Benjamin Biller, M.S., who noted Plaintiff had appropriate behavioral and emotional reactions, no prior inpatient mental health treatment history and found Plaintiff's thought processes to be logical and congruent. Mr. Biller opined Plaintiff's symptoms were consistent with adjustment disorder with mixed anxiety and depression and assessed a GAF of 65. Mr. Biller concluded Plaintiff's impairment was mild in limiting her ability to sustain concentration and persistence to tasks as well as her ability to adapt to changes in the workplace environment. He found only minimal limitations in social functioning (Tr. 29, 364-368).

The Commissioner gave "substantial weight" to the assessments of non-examining state agency medical consultants James Gregory, M.D., and George Davis, Ph.D.

7

Evidence Submitted After the ALJ's Decision

Plaintiff argues the Commissioner accepted and considered the medical opinion of Elizabeth Daubner, M.D., and made it part of the record. It was made a part of the record by the Appeals Council, but was not evidence before the ALJ at the time of the hearing. Dr. Daubner is a physician at Healthworks (Tr. 818). Medical records from Healthworks outlining the treatment of Plaintiff appear in the record at Tr. 418-571. As Plaintiff argues, Dr. Daubner's medical opinion is generally consistent with Dr. Papillion's assessment. Dr. Daubner opines Plaintiff can only occasionally lift or carry 1-5 pounds and 1-10 pounds infrequently. Dr. Daubner also indicates that Plaintiff can only sit 3 hours out of an 8 hour day for 15 minutes at a time and can stand or walk for 1 hour out of an eight hour day for 5 minutes at a time. Further, Dr. Daubner indicates Plaintiff's cervical spondylosis, cervicalgia, spinal stenosis, radiculitis, and degenerative disc disease cause her to have significant problems with fine manipulation, typing, writing, and grasping small objects and, additionally, impaired stamina and endurance such that she would have to take more rest breaks than employers generally allow, including 3 hours of bed rest during a normal workday. (Tr. 816-817). Dr. Daubner also stated that her patient has severe pain and daily lapses in concentration or memory due to her medical condition. (*Id.*). Dr. Daubner also opines that Plaintiff's subjective complaints appear reasonable and that her medical condition would interfere with her ability to reliably attend a normal work day or work week and that she would be chronically absent from work. (Tr. 817-818).

A second Medical Opinion Form dated July 8, 2011, four months after the administrative decision from Joan Keel, NP, substantially agrees with the assessments of Dr. Papillion and Dr. Daubner. (Tr. 819-822).

Analysis

Plaintiff argues the ALJ erred by adopting the opinion of the non-examining state agency physician over the opinion of Dr. Papillion, the consultative examining physician and Dr. Daubner, Plaintiff's treating physician (Doc. 15, Plaintiff's brief at p. 6). The problem with this argument is that the opinion of Dr. Daubner was not before the ALJ at the time he issued his decision. The Commissioner notes that Dr. Papillion was a one-time consultative examiner, and therefore, his opinion was not entitled to controlling weight. See 20 C.F.R. § 404.1527(c). He further argues the ALJ properly considered Dr. Papillion's opinion but gave it little weight because he concluded that it was not consistent with the totality of the evidence (Tr. 30). Specifically, the ALJ noted that Dr. Papillion did not review the empirical data contained in the MRI when he made his assessment (Tr. 30).

Dr. Papillion's January 2010 assessment limited Plaintiff to lifting no more than 10 pounds occasionally, and sitting, standing and walking for one to two hours in a workday (Tr. 373). The Commissioner argues his objective findings do not translate to the extreme restrictions assessed and point to Plaintiff's full range of motion in her neck (Tr. 372). Dr. Papillion also noted full range of motion in Plaintiff's shoulder, elbow and wrists (Tr. 373). He noted some restricted range of motion only in her lower leg and hip (Tr. 373). Based on these findings, the Commissioner aruges it is unclear why Dr. Papillion indicated that Plaintiff could not sit, stand or walk for more than two hours in a work day.

The Commissioner also points to Dr. Papillion's description of an MRI, and notes the record does not contain an MRI that shows six herniated discs and bone spurs in the spine described by Plaintiff to Dr. Papillion. The record does contain an August 2008 MRI of the

9

thoracic, cervical and lumbar spine which showed a "tiny" central T7-T8 disc herniation without significant associated neural compression; a "tiny" right paracentral C6-C7 disc herniation without significant neural compression and early degeneration of the L5-S1 disc (Tr. 629-31). Thus, the actual MRI showed two "tiny" disc herniations, not six, and all other findings were mild to moderate. Thus, the Commissioner argues that one can only infer that Dr. Papillion did not, in fact, review the MRI upon which he based his assessment. As such, the Commissioner argues the ALJ properly gave Dr. Papillion's opinion little weight.

At the time of the ALJ's decision the only opinions in the record related to the Plaintiff's physical restrictions were the opinions of Dr. Papillion, the consultative examiner whose opinion, if accepted, would preclude work and the Physical Residual Functional Capacity Assessment of Dr. Gregory, the non-examining state agency physician whose restrictions would allow light work. However, two additional opinions are now in the record, having been received by the Appeals Council. The opinion of Dr. Elizabeth Daubner, a treating physician, which is dated three days after the administrative decision and a second opinion of a nurse practitioner, Joan Keel, dated July 8, 2011, some four months after the administrative decision, would both support an assessment of disability.

## Sentence Six Remand

Plaintiff seeks reversal but also seeks remand under Sentence Six (Doc 15, Plaintiff's Brief p. 9). While her claim was pending at the Appeals Council, Plaintiff submitted additional medical evidence, a Medical Opinion Form of Dr. Elizabeth Duabner at Healthworks dated March 7, 2011, three days after the ALJ's opinion, and a second Medical Opinion Form completed by a Nurse Practitioner from the office of Dr. Sean Brown which is dated July 8,

10

2011, some four months after the administrative decision. Plaintiff asserts this new evidence supports her claim of disability. Since this evidence was not presented in the administrative hearing, it can only be considered in the context of a Sentence Six remand. Even though Plaintiff did not specifically mention Sentence Six in her memorandum, she did refer to the opinions, two of which did not exist until after the administrative decision.

In order to remand a case for further consideration of additional evidence, plaintiff must show that the additional evidence is new and material and there is good cause for his or her failure to incorporate such evidence in the record during the prior proceedings. *See* 42 U.S.C. § 405(g); *Cline v. Commissioner of Social Security*, 96 F.3d 146, 149 (6th Cir. 1996); *Casey*, 987 F.2d 1230 at 1233 (6th Cir. 1993). Good cause is shown when the claimant gives a valid reason for failing to obtain relevant evidence prior to the hearing. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988). Additional evidence is new if it was not in existence or available to the claimant at the time of the administrative proceedings. *See Sullivan v. Finkelstein,* 496 U.S. 617, 626 (1990). Additional evidence is material only if there is a reasonable probability that the ALJ would have reached a different disposition of the disability claim if presented with the evidence. The party seeking remand has the burden to show that remand is appropriate. *See Oliver v. Sec'y of Health and Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *Sizemore*, 865 F.2d at 711. The party seeking the remand bears the burden of showing that remand is proper. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 598 (6th Cir. 2005); Sizemore,  In this case, the Commissioner first argues Plaintiff did not seek remand and therefore, cannot meet this burden. I disagree. As set out above, Plaintiff concluded her opening memorandum specifically asking

11

for Remand as alternative relief.

Plaintiff asserts the new evidence is material. The Commissioner insists that it is not material because it is dated after the period of review and that it is unlikely the ALJ would have reached a different conclusion if he had considered it for the following reasons: First, because it is a mere statement of disability, an issue reserved to the Commissioner; Second, because Dr Daubner does not appear to have treated Plaintiff and is therefore not to be construed as a treating source; and Third, because Dr. Daubner's opinion is not supported by or consistent with other substantial evidence of record (Doc 17, Defendant's Memorandum at 8,9).

I will address these arguments beginning with the argument that the additional evidence is not material because it is dated after the period of review. This also relates to the issue of whether it is new. The administrative hearing was held on March 1, 2011 (Tr. 80). In that hearing the ALJ specifically asked the attorney to consider filing a different application at a better time, suggesting he have a conversation with his client about this and inviting the attorney to send a letter to him making that desire known before he issued a decision (Tr. 57). The decision was signed three days later, March 3, 2011. The first Medical Opinion form was signed four days after that on March 7, 2011. That opinion, although after the period of review, which ended with the Decision of March 3, 2011, is clearly related to Plaintiff's medical condition during the period of review. The second Medical Opinion form assessing disabling limitations by Joan Keel, a Nurse Practitioner, is four months after the decision. Ms. Keel is the Nurse Practitioner with Dr. Sean Brown and the medical records from his office are from August 25, 2010 to December 27, 2010. I conclude it is reasonable to infer that this opinion is also based on Plaintiff's condition during the period of review. These opinions did not exist at the time of the

12

administrative decision, therefore they are new.

Would these opinions result in a different decision? The Commissioners suggests not for three reasons:

First, because it is a mere statement of disability, an issue reserved to the Commissioner. In the Medical Opinion Form Dr. Daubner opines that her patient, Ms. Howard, can only occasionally lift or carry 1-5 pounds and 1-10 pounds infrequently. Dr. Daubner also indicates Plaintiff can only sit 3 hours out of an 8 hour day for 15 minutes at a time and can stand or walk for 1 hour out of an eight hour day for 5 minutes at a time. (Tr. 816). Dr. Daubner indicates that her patient's cervical spondylosis, cervicalgia, spinal stenosis, radiculitis, and degenerative disc disease cause her to have significant problems with fine manipulation, typing, writing, and grasping small objects and, additionally, impaired stamina and endurance such that she would have to take more rest breaks than employers generally allow, including 3 hours of bed rest during a normal workday. She therefore includes a basis for her opinion. Dr. Daubner also stated that her patient has severe pain and daily lapses in concentration or memory due to her medical condition (Tr. 816-817).

Second, the Commissioner argues Dr. Daubner does not appear to have treated Plaintiff and is therefore not to be construed as a treating source. I disagree. Dr. Daubner is a physician at Internal Medicine Group of Cleveland and Healthworks of Tennessee who supervises Vicki Frye, PA-C, and Eileen Sheehan-Lowry, NP-C (*see*, *e.g.*, Tr. 441, 497, 498, 501), her signature appears on prescription refill requests (Tr. 500, 507) and on a medical record with her assistant Vicki Frye, PA-C (R. 440), the doctor is acknowledged to be a referring physician and is copied on reports (Tr. 525, 522, 526, 424, 435, 447), and her name appears on "return to work" forms in

2008 (Tr. 513, 514). Accordingly, I conclude there is sufficient evidence to show there is a treating relationship between Dr. Daubner and Plaintiff.

Third, the Commissioner argues Dr. Daubner's opinion is not supported by or consistent with other substantial evidence of record. I agree that there is other evidence in the record not consistent with her opinion but that is a decision that should be made by the ALJ and not by me.

There are two new opinions, one of which is from a treating physician. I conclude that the evidence is material because there is a reasonable probability that the ALJ would have reached a different disposition of the disability claim if presented with the evidence. As Plaintiff argues in her Responsive brief, the record contains four medical opinions – the Consultative Physician Paul Papillion, M.D., a treating physician, Elizabeth Daubner, M.D., Freda Cook, L.C.S.W., and Joan Keel, a Nurse Practitioner – all of whom indicate Plaintiff has restrictions and limitations that would prevent work in any competitive work environment. (Tr. 371-375, 573-575, 816-817, and 819-822). The record further contains evidence that Plaintiff was involved in multiple motor vehicle accidents although some time in the past, and has diagnostic indications of a cervical disc protrusion, thoracic disc herniation, lumbar disc bulges (along with formainal stenosis, spondylosis and facet arthropathy at associated levels), underwent two arthroscopic surgeries, and had a partial left knee replacement (pursuant to a diagnosis of patellofemoral arthritis). (Tr. 418-571). The opinion relied upon by the ALJ in reaching the conclusion Plaintiff was capable of light work was from a non-examining record reviewing state agency physician. Under these circumstances, I conclude Remand under Sentence Six is the proper remedy.

14

Conclusion

For the reasons stated herein, I RECOMMEND:

1. Plaintiff's motion for Judgment on the Pleadings (Doc 14) be **GRANTED** in part to the extent that it seeks remand and **DENIED** in part, to the extent it seeks reversal for an award of benefits,

2. The Commissioner's Motion for Summary Judgment (Doc 16) be DENIED,

3. The Commissioner's decision be **REMANDED** to the Commissioner for further administrative consideration of new and material evidence pursuant to Sentence Six of 42 U.S.C. § 405(g).[1]

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).